BLD-237                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2028
_____

RAYMOND E. PETERSON,
                                                              Appellant

v.

CITY OF UNIONTOWN;
FAYETTE COUNTY DRUG TASK FORCE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 09-cv-00150)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 14, 2011
Before:  SLOVITER, JORDAN AND GREENAWAY, JR., Circuit Judges

(Opinion filed:  August 1, 2011)
_____

OPINION
_____

PER CURIAM

Raymond Peterson, proceeding pro se and in forma pauperis, filed a complaint

pursuant to 42 U.S.C. § 1983 against the City of Uniontown ("the City") and the Fayette

County Drug Task Force ("the Task Force").[1]  Peterson alleged that between December

2007 and December 2008, Uniontown police officers violently assaulted and falsely

arrested and imprisoned him on several occasions in violation of the Fourth, Fifth,

Eighth, and Fourteenth Amendments.  The City filed a motion for summary judgment,

and the Task Force filed a motion to dismiss for failure to state a claim upon which relief

can be granted.  The Magistrate Judge recommended granting both motions.  The District

Court adopted the recommendations over Peterson's objections,[2] concluding that

Peterson had failed to distinguish between municipal and individual liability.  Peterson

appeals.

---

[1]Peterson initially named the City of Uniontown Police Department, rather than the City, as the defendant.  The District Court and the parties' subsequent pleadings refer to the City.  There is no difference, however; § 1983 treats a municipality and its police department as the same entity.  See Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n.4 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability.")  The Task Force is an association of several legal entities supervised by the District Attorney of Fayette County.  The Task Force denied that it was a proper party to a civil law suit.  We assume for the purposes of our analysis that it is a governmental entity, like the City, subject to suit.

[2] Peterson filed "Plaintiff's Amended response in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint," which we construe as his objections to the Report and Recommendation on the Task Force's motion to dismiss.  Although he moved for, and was granted, an extension of time to file objections to the Report and Recommendation on the City's motion for summary judgment, no document that he filed thereafter can be construed as his objections.  Nonetheless, as he was never warned that the failure to file objections could result in a waiver of appellate review, his failure to object does not affect the scope of our review.  See Leyva v. Williams, 504 F.3d 357, 364-65 (3d Cir. 2007).

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's orders dismissing Peterson's complaint for failure to state a claim against the Task Force and granting summary judgment in favor of the City. McGovern v. City of Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009); Abramson v. William Patterson College, 260 F.3d 265, 276 (3d Cir. 2001).  Because we find no substantial question raised by this appeal, we will summarily affirm the District Court's judgment.  See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

The District Court properly dismissed the complaint against the Task Force because Peterson failed to state a claim upon which relief can be granted.  When a suit against a municipality is based on 42 U.S.C. § 1983, the alleged constitutional violation must carry out either an official policy or a custom so "well-settled as to virtually constitute law."  McTernan v. City of York, 564 F.3d 636, 657-58 (3d Cir. 2009).  This involves a two-step analysis: (1) whether Peterson's harm was caused by a constitutional violation, and (2) if so, whether the defendant is responsible for that violation.  Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992).  "[A] municipality cannot be held liable *solely* because it employs a tortfeasor . . . [or] on a *respondeat superior* theory." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).

Peterson alleged that Task Force police officers used excessive force, falsely imprisoned him, and confiscated money they found on his person.  He did not explain, however, why the Task Force, as opposed to the individual officers, was responsible for the alleged constitutional violations.  Nowhere did Peterson specify the particular

3

unconstitutional policy or custom at issue. See McTernan, 564 F.3d at 658 (citing

Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008)). His argument was

based, even assuming the truth of his allegations, on an inactionable theory of vicarious

liability or respondeat superior. See Monell, 436 U.S. at 691.

The District Court also properly granted summary judgment in favor of the City.

For the same reasons that Peterson did not state a claim against the Task Force, he did not

state a claim against the City. Even when pressed, Peterson did not identify an

unconstitutional policy or custom. For example, his complaint alluded to his race

(African-American) and the officers' race (Caucasian), but nowhere claimed a policy or

custom of racially-motivated harassment (or even that all of the harassment he suffered

was racially-motivated). Peterson's response to the motion for summary judgment,

moreover, did not mention race. It did refer to what he describes as the City's "custom or

policy allowing and encouraging their Police Officers to use harassment and excessive

force, and to warrant false arrests[.]" However, Peterson presented no evidence of a

policy or custom to support his claim; he merely insufficiently claimed that a policy or

custom existed in light of what happened to him. See Watson v. Abington Twp., 478

F.3d 144, 157 (3d Cir. 2007). As we explained, supra, Peterson cannot maintain his

claims on a theory of vicarious liability or respondeat superior.

For these reasons, we will affirm the District Court's judgment.

4